1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   Los Angeles, CA 90071
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone: (213) 430-3400
12  Facsimile: (213) 430-3409
    michael.zellers@tuckerellis.com
13
    Attorneys for Defendants
14  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                    NORTHERN DISTRICT OF CALIFORNIA
17
                    SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX              )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND         )
20  PRODUCTS LIABILITY LITIGATION          )   CASE NO. 3:08-cv-0977-CRB
                                           )
21  _This document relates to_             )
                                           )   **PFIZER INC., PHARMACIA
22  OLIVE BEEBE, et al.,                   )   CORPORATION, AND G.D.
                                           )   SEARLE LLC'S ANSWER TO
                                           )   COMPLAINT**
23              Plaintiffs,                )
                                           )   **JURY DEMAND ENDORSED
24          vs.                            )   HEREIN**
                                           )
25  PFIZER, INC., PHARMACIA CORPORATION,   )
    G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.),)
26  and MONSANTO COMPANY,                  )
                                           )
27              Defendants.                )
                                           )
28

_Gordon & Rees, LLP_
_275 Battery Street, Suite 2000_
_San Francisco, CA 94111_

1   NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2   "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1])

3   ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file their

4   Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as

5   follows:

6                                                     **I.**

7                                    **PRELIMINARY STATEMENT**

8           The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9   Celebrex® (celecoxib) ("Celebrex®").     Accordingly, this Answer can only be drafted

10  generally.   Defendants may seek leave to amend this Answer when discovery reveals the

11  specific time periods in which Plaintiffs were prescribed and used Celebrex®.

12                                                    **II.**

13                                                **ANSWER**

14                          **Response to Allegations Regarding Parties**

15  1.      Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

16  deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17  periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

18  States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20  time, Celebrex® were manufactured and packaged for Searle, which developed, tested,

21  marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by

22  healthcare providers who are by law authorized to prescribe drugs in accordance with their

23  approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

24  _____

25  [1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933

26  Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its

27  name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Celebrex®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Celebrex®, *see*

28  PLAINTIFFS' COMPLAINT at ¶ 7, Defendants assume Plaintiffs mean to refer to 1933 Monsanto.  As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

1    in accordance with its FDA-approved prescribing information.  Defendants state that the

2    potential effects of Celebrex® were and are adequately described in its FDA-approved

3    prescribing information, which was at all times adequate and comported with applicable

4    standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused

5    Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

6    Complaint.

7    2.       Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

9    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

10   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

11   and deny the remaining allegations in this paragraph of the Complaint.

12   3.       Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

14   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

15   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

16   and deny the remaining allegations in this paragraph of the Complaint.

17   4.       Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

19   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

20   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

21   and deny the remaining allegations in this paragraph of the Complaint.

22   5.       Defendants admit that Pfizer is a Delaware corporation with its principal place of

23   business in New York.  Defendants admit that, as the result of a merger in April 2003,

24   Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph

25   of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants

26   are without knowledge or information sufficient to form a belief as to the truth of such

27   allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of

28   time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

2    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

3    paragraph of the Complaint.

4    6.    Defendants admit that Searle is a Delaware limited liability company with its principal

5    place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

6    as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

7    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

8    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

9    Celebrex® in the United States to be prescribed by healthcare providers who are by law

10   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

11   the remaining allegations in this paragraph of the Complaint.

12   7.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933

13   Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

14   1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

15   to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company,

16   was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company

17   changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged

18   in the agricultural business and does not and has not ever manufactured, marketed, sold, or

19   distributed Celebrex®.  The 2000 Monsanto is not and has never been the parent of either

20   Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed,

21   sold, or distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a

22   proper party in this matter.  Defendants deny the remaining allegations in this paragraph of the

23   Complaint.  Defendants state that the response to this paragraph of the Complaint regarding

24   Monsanto is incorporated by reference into Defendants' responses to each and every paragraph

25   of the Complaint referring to Monsanto and/or Defendants.

26   8.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

27   business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

28   the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted
2  Celebrex® in the United States, including California, to be prescribed by healthcare providers
3  who are by law authorized to prescribe drugs in accordance with their approval by the FDA.
4  Defendants deny the remaining allegations in this paragraph of the Complaint.

5  **Response to Allegations Regarding Jurisdiction and Venue**

6  9.    Defendants are without knowledge or information to form a belief as to the truth of the
7  allegations in this paragraph of the Complaint regarding the amount in controversy, and,
8  therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount
9  in controversy exceeds $75,000, exclusive of interests and costs.

10  10.    Defendants are without knowledge or information to form a belief as to the truth of the
11  allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount
12  in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim
13  that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of
14  interests and costs.

15  11.    Defendants are without knowledge or information to form a belief as to the allegations
16  in this paragraph of the Complaint regarding the judicial district in which the asserted claims
17  allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe
18  and effective when used in accordance with its FDA-approved prescribing information.
19  Defendants deny committing a tort in the States of California, Washington, Mississippi, and
20  Montana, and deny the remaining allegations in this paragraph of the Complaint.

21  12.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed
22  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who
23  are by law authorized to prescribe drugs in accordance with their approval by the FDA.
24  Defendants admit that, during certain periods of time, Celebrex® was manufactured and
25  packaged for Searle, which developed, tested, marketed, co-promoted and distributed
26  Celebrex® in the United States to be prescribed by healthcare providers who are by law
27  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit
28  that Pfizer, Pharmacia, and Searle are registered to and do business in the State of California.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors
2    in interest" are vague and ambiguous.  Defendants are without knowledge or information
3    sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.
4    Defendants deny committing a tort in the States of California, Washington, Mississippi, and
5    Montana, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

7    13.     Defendants state that this paragraph of the Complaint contains legal contentions to
8    which no response is required.  To the extent that a response is deemed required, Defendants
9    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.
10   and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial
11   Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

14.     Defendants are without knowledge or information sufficient to form a belief as to the
truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
effective when used in accordance with its FDA-approved prescribing information.  Defendants
state that the potential effects of Celebrex® were and are adequately described in its FDA-
approved prescribing information, which was at all times adequate and comported with
applicable standards of care and law.  Defendants deny any wrongful conduct, deny that
Celebrex® caused Plaintiffs injury or damage and deny the remaining allegations in this
paragraph of the Complaint.

15.     Defendants are without knowledge or information sufficient to form a belief as to the
truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case,
Celebrex® was expected to reach users and consumers without substantial change from the
time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the
truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.     Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.     Answering the second Paragraph 19 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.     Defendants state that the allegations in this paragraph of the Complaint are not directed

towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.    Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

22.    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

23.    Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

2    osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

3    Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

4    reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

5    ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery).  Defendants deny

6    the remaining allegations in this paragraph of the Complaint.

7    24.    Defendants admit that Celebrex® was launched in February 1999.  Defendants admit

8    that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

9    Celebrex® in the United States to be prescribed by healthcare providers who are by law

10   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

11   that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

12   which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

13   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

14   accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe

15   and effective when used in accordance with its FDA-approved prescribing information.

16   Defendants state that the potential effects of Celebrex® were and are adequately described in its

17   FDA-approved prescribing information, which was at all times adequate and comported with

18   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

19   remaining allegations in this paragraph of the Complaint.

20   25.    Defendants state that the referenced article speaks for itself and respectfully refer the

21   Court to the article for its actual language and text.  Any attempt to characterize the article is

22   denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

24   this paragraph of the Complaint.

25   26.    Defendants state that the referenced article speaks for itself and respectfully refer the

26   Court to the article for its actual language and text.  Any attempt to characterize the article is

27   denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

this paragraph of the Complaint.

27.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

28.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

29.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

30.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

32.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

36.    Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants state that the referenced study speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Court to the study for its actual language and text. Any attempt to characterize the study is denied. Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

38.    Defendants admit that there was a clinical trial called APC. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants admit that there was a clinical trial called APC. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text. Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

42.    Defendants admit that there was a clinical trial called PreSAP. Plaintiffs fail to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    remaining allegations in this paragraph of the Complaint.

2    43.    Defendants state that the referenced article speaks for itself and respectfully refer the

3    Court to the article for its actual language and text.  Any attempt to characterize the article is

4    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5    44.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

6    Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

7    therefore lack sufficient information or knowledge to form a belief as to the truth of such

8    allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

9    themselves and respectfully refer the Court to the studies for their actual language and text.

10   Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

11   this paragraph of the Complaint.

12   45.    Defendants state that the referenced Medical Officer Review speaks for itself and

13   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

14   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

15   allegations in this paragraph of the Complaint.

16   46.    Defendants state that allegations in this paragraph of the Complaint regarding Vioxx®

17   in this paragraph of the Complaint are not directed toward Defendants, and therefore no

18   response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide

19   the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in

20   this paragraph of the Complaint.  Defendants therefore lack sufficient information or

21   knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22   Defendants state that the referenced study speaks for itself and respectfully refer the Court to

23   the study for its actual language and text.  Any attempt to characterize the study is denied.

24   Defendants deny the remaining allegations in this paragraph of the Complaint.

25   47.    Defendants state that allegations in this paragraph of the Complaint regarding Merck

26   and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

27   therefore no response is required.  To the extent that a response is deemed required, Plaintiffs

28   fail to provide the proper context for the allegations in this paragraph of the Complaint

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack

2    sufficient information or knowledge to form a belief as to the truth of such allegations and,

3    therefore, deny the same.  Defendants state that the referenced study speaks for itself and

4    respectfully refer the Court to the study for its actual language and text.  Any attempt to

5    characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

6    the Complaint.

7    48.    Defendants state that allegations in this paragraph of the Complaint regarding Merck

8    and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

9    therefore no response is required.  To the extent that a response is deemed required, Plaintiffs

10   fail to provide the proper context for the allegations in this paragraph of the Complaint

11   regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack

12   sufficient information or knowledge to form a belief as to the truth of such allegations and,

13   therefore, deny the same.  Defendants state that the referenced study speaks for itself and

14   respectfully refer the Court to the study for its actual language and text.  Any attempt to

15   characterize the study is denied.  Defendants state that the referenced article speaks for itself

16   and respectfully refer the Court to the article for its actual language and text.  Any attempt to

17   characterize the article is denied.  Defendants deny the remaining allegations in this paragraph

18   of the Complaint.

19   49.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants deny the allegations in this

21   paragraph of the Complaint.

22   50.    Defendants state that the referenced article speaks for itself and respectfully refer the

23   Court to the article for its actual language and text.  Any attempt to characterize the article is

24   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25   51.    Defendants state that allegations in this paragraph of the Complaint are not directed

26   toward Defendants, and therefore no response is required.  To the extent that a response is

27   deemed required, Defendants state that the referenced article speaks for itself and respectfully

28   refer the Court to the article for its actual language and text.  Any attempt to characterize the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

2    52.    Defendants deny the allegations in this paragraph of the Complaint.

3    53.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information. Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

8    remaining allegations contained in this paragraph of the Complaint.

9    54.    Defendants deny any wrongful conduct and deny the allegations contained in this

10   paragraph of the Complaint.

11   55.    Defendants deny any wrongful conduct and deny the allegations contained in this

12   paragraph of the Complaint.

13   56.    Defendants state that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information. Defendants state that the potential effects of

15   Celebrex® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct and deny the remaining allegations contained in this

18   paragraph of the Complaint.

19   57.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

21   Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information. Defendants

23   state that the potential effects of Celebrex® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law. Defendants deny any wrongful conduct, deny that

26   Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of

27   the Complaint.

28   58.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state

2   that the referenced letter speaks for itself and respectfully refer the Court to the letter for its

3   actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit

4   that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the

5   referenced letter speaks for itself and respectfully refer the Court to the letter for its actual

6   language and text.  Any attempt to characterize the letter is denied.  Defendants state that the

7   transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and

8   respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to

9   characterize the transcripts is denied.  Defendants state that the referenced study speaks for

10  itself and respectfully refer the Court to the article for its actual language and text.  Any attempt

11  to characterize the article is denied.  Defendants deny the remaining allegations in this

12  paragraph of the Complaint.

13  59.     Defendants state that Celebrex® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Celebrex® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

18  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

19  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

20  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

21  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

22  United States to be prescribed by healthcare providers who are by law authorized to prescribe

23  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

24  allegations in this paragraph of the Complaint.

25  60.     Defendants state that Celebrex® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Celebrex® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

2  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

3  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

4  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

5  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

6  United States to be prescribed by healthcare providers who are by law authorized to prescribe

7  drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a

8  prescription medication which is approved by the FDA for the following indications: (1) for

9  relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

10 rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

11 treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

12 in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

13 surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

14 relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

15 and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this

16 paragraph of the Complaint.

17 61.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18 with its FDA-approved prescribing information.  Defendants state that the potential effects of

19 Celebrex® were and are adequately described in its FDA-approved prescribing information,

20 which at all times was adequate and comported with applicable standards of care and law.

21 Defendants state that Plaintiffs' allegations in this paragraph of the Complaint regarding

22 "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

23 information to form a belief as to the truth of such allegations, and, therefore, deny the same.

24 Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

25 allegations in this paragraph of the Complaint.

26 62.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27 with its FDA-approved prescribing information.  Defendants state that the potential effects of

28 Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

3    promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

4    law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5    admit that, during certain periods of time, Celebrex® was manufactured and packaged for

6    Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

7    United States to be prescribed by healthcare providers who are by law authorized to prescribe

8    drugs in accordance with their approval by the FDA.  Defendants deny the remaining

9    allegations in this paragraph of the Complaint.

10    63.      Defendants state that Celebrex® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.  Defendants state that the potential effects of

12    Celebrex® were and are adequately described in its FDA-approved prescribing information,

13    which at all times was adequate and comported with applicable standards of care and law.

14    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

15    promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

16    law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

17    admit that, during certain periods of time, Celebrex® was manufactured and packaged for

18    Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

19    United States to be prescribed by healthcare providers who are by law authorized to prescribe

20    drugs in accordance with their approval by the FDA.  Defendants deny the remaining

21    allegations in this paragraph of the Complaint.

22    64.      Defendants state that Celebrex® was and is safe and effective when used in accordance

23    with its FDA-approved prescribing information.  Defendants state that the potential effects of

24    Celebrex® were and are adequately described in its FDA-approved prescribing information,

25    which was at all times adequate and comported with applicable standards of care and law.

26    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27    the Complaint.

28    65.      Defendants state that Celebrex® was and is safe and effective when used in accordance

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants deny the allegations in this paragraph of the Complaint.

67.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

68.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

69.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   remaining allegations in this paragraph of the Complaint.

2   71.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendants state that the potential effects of

4   Celebrex® are and were adequately described in its FDA-approved prescribing information,

5   which was at all times adequate and comported with applicable standards of care and law.

6   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7   the Complaint.

8   72.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Celebrex® are and were adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

13  the study for its actual language and text.  Any attempt to characterize the study is denied.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16  73.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

18  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19  effective when used in accordance with its FDA-approved prescribing information.  Defendants

20  state that the potential effects of Celebrex® are and were adequately described in its FDA-

21  approved prescribing information, which was at all times adequate and comported with

22  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

23  remaining allegations in this paragraph of the Complaint.

24              **Response to First Cause of Action: Negligence**

25  74.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

26  Complaint as if fully set forth herein.

27  75.    Defendants state that this paragraph of the Complaint contains legal contentions to

28  which no response is required.  To the extent that a response is deemed required, Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint

77. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

78. Plaintiff's Complaint omits Paragraph 78.

79. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

80.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

82.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

83.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

84.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## Response to Second Cause of Action: Strict Liability

2      85.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3   Complaint as if fully set forth herein.

4      86.    Defendants are without knowledge or information sufficient to form a belief as to the

5   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

6   Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

7   time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

8   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

9   with their approval by the FDA.  Defendants admit that, during certain periods of time,

10  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

11  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

12  providers who are by law authorized to prescribe drugs in accordance with their approval by the

13  FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

14  consumers without substantial change from the time of sale.  Defendants deny the remaining

15  allegations in this paragraph of the Complaint.

16     87.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Celebrex® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny the remaining allegations in this paragraph of the Complaint.

21     88.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

26  remaining allegations in this paragraph of the Complaint.

27     89.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

-23-

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

90.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    effective when used in accordance with its FDA-approved prescribing information. Defendants

2    state that the potential effects of Celebrex® were and are adequately described in its FDA-

3    approved prescribing information, which was at all times adequate and comported with

4    applicable standards of care and law. Defendants deny any wrongful conduct, deny that

5    Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

6    remaining allegations in this paragraph of the Complaint.

7    94.     Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information. Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   95.     Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

15   Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

16   effective when used in accordance with its FDA-approved prescribing information. Defendants

17   state that the potential effects of Celebrex® were and are adequately described in its FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law. Defendants deny any wrongful conduct, deny that

20   Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

21   paragraph of the Complaint.

22   96.     Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information. Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   97.     Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

99.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Third Cause of Action: Breach of Express Warranty

101.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

102.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   effective when used in accordance with its FDA-approved prescribing information. Defendants

2   state that the potential effects of Celebrex® were and are adequately described in its FDA-

3   approved prescribing information, which was at all times adequate and comported with

4   applicable standards of care and law. Defendants admit that they provided FDA-approved

5   prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and

6   deny the remaining allegations in this paragraph of the Complaint, including all subparts.

7   104.   Defendants admit that they provided FDA-approved prescribing information regarding

8   Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this

9   paragraph of the Complaint.

10  105.   Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information. Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16  106.   Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information. Defendants state that the potential effects of

18  Celebrex® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21  the Complaint.

22  107.   Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

24  Celebrex®, and, therefore, deny the same. Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants admit that they provided FDA-approved prescribing information regarding

28  Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

111.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

112.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

1

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

2   121.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3   Complaint as if fully set forth herein.

4   122.    Defendants state that this paragraph of the Complaint contains legal contentions to

5   which no response is required.  To the extent that a response is deemed required, Defendants

6   admit that they had duties as are imposed by law but deny having breached such duties.

7   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

8   FDA-approved prescribing information.   Defendants state that the potential effects of

9   Celebrex® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12  the Complaint.

13  123.    Defendants state that Celebrex® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Celebrex® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18  the Complaint, including all subparts.

19  124.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24  the Complaint.

25  125.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

27  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28  effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

2    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

3    effective when used in accordance with its FDA-approved prescribing information.  Defendants

4    state that the potential effects of Celebrex® were and are adequately described in its FDA-

5    approved prescribing information, which was at all times adequate and comported with

6    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

7    remaining allegations in this paragraph of the Complaint.

8    130.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

10   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

11   effective when used in accordance with its FDA-approved prescribing information.  Defendants

12   state that the potential effects of Celebrex® were and are adequately described in its FDA-

13   approved prescribing information, which was at all times adequate and comported with

14   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

15   remaining allegations in this paragraph of the Complaint.

16   131.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

18   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19   effective when used in accordance with its FDA-approved prescribing information.  Defendants

20   state that the potential effects of Celebrex® were and are adequately described in its FDA-

21   approved prescribing information, which was at all times adequate and comported with

22   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

23   remaining allegations in this paragraph of the Complaint.

24   132.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

26   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27   effective when used in accordance with its FDA-approved prescribing information.  Defendants

28   state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  approved prescribing information, which was at all times adequate and comported with

2  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

3  remaining allegations in this paragraph of the Complaint.

4  133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5  damage, and deny the remaining allegations in this paragraph of the Complaint.

6  134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

7  damage, and deny the remaining allegations in this paragraph of the Complaint.

8  135.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

9  damage, and deny the remaining allegations in this paragraph of the Complaint.

10  **Response to Sixth Cause of Action: Unjust Enrichment**

11  136.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

12  Complaint as if fully set forth herein.

13  137.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

15  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

16  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

17  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

18  Celebrex® in the United States to be prescribed by healthcare providers who are by law

19  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

20  the remaining allegations in this paragraph of the Complaint.

21  138.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

23  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

24  paragraph of the Complaint.

25  139.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

27  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

28  paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Prayer for Relief**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

**III.**

**GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiffs' action is barred by the statute of repose.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Seventh Defense

7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.    Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

### Twelfth Defense

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the

time it left the control of the manufacturer or seller.

## Fourteenth Defense

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

## Fifteenth Defense

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

## Sixteenth Defense

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

## Seventeenth Defense

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

## Eighteenth Defense

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

## Nineteenth Defense

19.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

## Twentieth Defense

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-eighth Defense

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of California, Washington, Mississippi, and Montana, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

1

**Thirty-sixth Defense**

2    36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without

3    proof of causation, the claims violate Defendants' rights under the United States Constitution.

4    **Thirty-seventh Defense**

5    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

6    labeling with respect to the subject pharmaceutical products were not false or misleading and,

7    therefore, constitute protected commercial speech under the applicable provisions of the United

8    States Constitution.

9    **Thirty-eighth Defense**

10    38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

11    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

12    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

13    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

14    Amendment of the United States Constitution, the Commerce Clause of the United States

15    Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

16    applicable provisions of the Constitutions of the States of California, Washington, Mississippi,

17    and Montana.  Any law, statute, or other authority purporting to permit the recovery of punitive

18    damages in this case is unconstitutional, facially and as applied, to the extent that, without

19    limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's

20    discretion in determining whether to award punitive damages and/or the amount, if any; (2) is

21    void for vagueness in that it failed to provide adequate advance notice as to what conduct will

22    result in punitive damages; (3) permits recovery of punitive damages based on out-of-state

23    conduct, conduct that complied with applicable law, or conduct that was not directed, or did not

24    proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount

25    that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to

26    the amount of compensatory damages, if any; (5) permits jury consideration of net worth or

27    other financial information relating to Defendants; (6) lacks constitutionally sufficient standards

28    to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Forty-fourth Defense**

2    44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

3    pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

4    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

5    independent of or far removed from Defendants' conduct.

6

**Forty-fifth Defense**

7    45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

8    did not proximately cause injuries or damages to Plaintiffs.

9

**Forty-sixth Defense**

10    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

11    did not incur any ascertainable loss as a result of Defendants' conduct.

12

**Forty-seventh Defense**

13    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

14    manufacturing, labeling, packaging, and any advertising of the product complied with the

15    applicable codes, standards and regulations established, adopted, promulgated or approved by

16    any applicable regulatory body, including but not limited to the United States, any state, and

17    any agency thereof.

18

**Forty-eighth Defense**

19    48.    The claims must be dismissed because Plaintiffs would have taken Celebrex® even if

20    the product labeling contained the information that Plaintiffs contend should have been

21    provided.

22

**Forty-ninth Defense**

23    49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

24    outweighed its risks.

25

**Fiftieth Defense**

26    50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

27    collateral sources.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

**Fifty-second Defense**

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.   Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.    Defendants plead the applicability of the Washington Products Liability Act, RCW 7.72 et seq., and specifically aver that Plaintiffs' common law claims are preempted by the statute and must be dismissed.

**Fifty-ninth Defense**

59.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs' claims are barred because Defendants did not make or breach any express or implied warranties, Plaintiffs failed to give reasonable notice to Defendants of any alleged breach or breaches of warranty as required by Miss. Code Ann § 75-2-607(3)(a).

**Sixtieth Defense**

60.    Any verdict or judgment rendered against Defendants must be reduced under the laws of the State of Mississippi by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, such as insurance, social security, worker's compensation, or employee benefits programs.  Plaintiffs may have settled their claims for alleged injuries and damages with certain parties.  Defendants therefore are, in any event, entitled to a credit in the amount of any such settlement heretofore made between Plaintiffs and any such parties.

**Sixty-first Defense**

61.    Plaintiffs' claims for punitive damages are limited or barred by the standards governing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

exemplary damage awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc., v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi Constitution, statutes, and decisions of Mississippi courts.

### Sixty-second Defense

62.    Defendants assert that Plaintiffs' claim for punitive damages is governed and limited by Miss. Code Ann. § 11-1-65, and Defendants hereby plead and invoke the provisions of the same.

### Sixty-third Defense

63.    Celebrex® and the Defendants' actions conformed to the state of the art medical and scientific knowledge at all times relevant to this lawsuit and Celebrex® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

### Sixty-fourth Defense

64.    Defendants satisfied their duty to warn under the learned intermediary doctrine and Plaintiffs' claims are therefore barred.

### Sixty-fifth Defense

65.    Defendants hereby plead all defenses contained in Miss. Code Ann. § 11-1-63 and hereby invoke the provisions of Miss. Code Ann. § 85-5-7.

### Sixty-sixth Defense

66.    Plaintiffs failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to Defendants in any possible future litigation.

### Sixty-seventh Defense

67.    Any judicially-created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to ward, are unconstitutional in that, among other things, they are void for vagueness and undue burden on

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

## Sixty-eighth Defense

68.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious, and, therefore, any award of punitive damages is barred.

## Sixty-ninth Defense

69.     Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring such claims.

## Seventieth Defense

70.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

## V.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendants be awarded their costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.     That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.     That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    April 2, 2008                          GORDON & REES LLP

2

3                                           By:_____/s/_____

4                                               Stuart M. Gordon
                                                sgordon@gordonrees.com
5                                               Embarcadero Center West
                                                275 Battery Street, 20th Floor
6                                               San Francisco, CA 94111
                                                Telephone:  (415) 986-5900
7                                               Fax:  (415) 986-8054

8
     April 2, 2008                          TUCKER ELLIS & WEST LLP
9

10

11                                          By:_____/s/_____

12                                              Michael C. Zellers
                                                michael.zellers@tuckerellis.com
13                                              515 South Flower Street, Suite 4200
                                                Los Angeles, CA 90071
14                                              Telephone:  (213) 430-3400
                                                Fax:  (213) 430-3409
15
                                                Attorneys for Defendants
16                                              PFIZER INC., PHARMACIA
                                                CORPORATION, and G.D. SEARLE
17                                              LLC

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:08-cv-0977-CRB

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

## JURY DEMAND

2        Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3    trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4    Procedure.

5    April 2, 2008                                    GORDON & REES LLP

6

7                                                     By: _____/s/_____

8                                                         Stuart M. Gordon
                                                          sgordon@gordonrees.com
9                                                         Embarcadero Center West
                                                          275 Battery Street, 20th Floor
10                                                        San Francisco, CA 94111
                                                          Telephone: (415) 986-5900
11                                                        Fax: (415) 986-8054

12   April 2, 2008                                    TUCKER ELLIS & WEST LLP

13

14                                                   By: _____/s/_____

15                                                       Michael C. Zellers
                                                         michael.zellers@tuckerellis.com
16                                                       515 South Flower Street, Suite 4200
                                                         Los Angeles, CA 90071
17                                                       Telephone: (213) 430-3400
                                                         Fax: (213) 430-3409

18                                                       Attorneys for Defendants
                                                         PFIZER INC., PHARMACIA
19                                                       CORPORATION, and G.D. SEARLE
                                                         LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-48-